**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JON UNT-RS DOE** | § | |
|     Plaintiff | § | |
| vs. | § | Civil Action No. 4:18-cv-17 |
| | § | |
| **UNIVERSITY OF NORTH TEXAS** | § | |
|     Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff JON UNT-RS DOE files this "Plaintiff's Original Complaint" against the foregoing described Defendant and respectfully shows as follows:

### I. NATURE OF SUIT

1. Plaintiff JON UNT-RS DOE is a student attending Defendant University of North Texas. Plaintiff Jon has been diagnosed with OCD, ADHD, social anxiety disorder, and Pervasive Developmental Disorder, within the Autism Spectrum Disorder. This is a civil action for injunctive relief and compensatory and punitive damages to redress blatant, egregious, and apparently intentional actions of Defendant University of North Texas which constitute violations of Jon's rights under the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*. and threaten to derail Jon's entire future.

### II. PARTIES

2. Plaintiff **JON UNT-RS DOE** ("Jon") is an individual residing in Denton County Texas. Because of the privacy issues involved in this matter, Jon is hereby exercising his rights to proceed with this matter anonymously.

3. The need to protect the identity of Jon does not hinder the defense of this matter by Defendant, for the facts are well known to Defendant. When applying the applicable tests (created by Texas jurisprudence) to balance the needed protection of the right to privacy *versus* any inconvenience to the Defendant, the protection of Jon prevails.

4. At such time as the Court might agree on procedures designed to protect the privacy of Jon, Jon's identity shall be disclosed.

5. Defendant **UNIVERSITY OF NORTH TEXAS** ("UNT") is a public university operating in the State of Texas and may be served with summons by serving its president as follows:

> Neal J. Smatresk, President
> University of North Texas
> Hurley Administration Building, Room 201
> 1501 W. Chestnut Street
> Denton, Texas 76201

### III.     JURISDICTION AND VENUE

6. This Court has jurisdiction of this dispute as involving a federal question proceeding arising under the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq*.

7. Venue is proper in the Eastern District of Texas because the events forming the basis of this suit occurred in this District, and all parties are within this District.

## IV. FACTUAL ALLEGATIONS

### *Who is Jon*

8. Plaintiff Jon is a 22-year-old male who is kind and mild-mannered. Jon is constantly looking for opportunities to spread love and peace and gives back to society as often as he can.

9. Jon earned over 300 hours in community service during high school which is more than 90% of what most students do. In 2016, Jon donated his hair to "Locks of Love."

10. Plaintiff Jon is a hardworking student attending Defendant UNT and strives only to do well in school and continue with his post-graduate studies.

11. Plaintiff Jon is an honor student who has made the UNT's President's list and Dean's list several times. Jon was also a member of UNT's table tennis club for two years where he trained and participated in regional competitions.

12. Plaintiff Jon has consistently been recognized by his employers for his work ethic and outstanding customer service. At his first job as a sales merchandising associate, Jon on more than one occasion, earned the quarterly award for outstanding performance. At Jon's summer job, Jon earned recognition and a special certificate for an outstanding job performance.

13. In Jon's current job where he works in a restaurant, he took it upon himself to find a cleaning solution for the grill that he operates so he could more effectively remove build-up. Jon's effort earned him praise and respect from management.

14. Jon never calls in sick, shows up on time, consistently exceeds management expectations and has always got along with his co-workers.

15. Jon suffers from OCD, ADHD, social anxiety disorder, and Pervasive Developmental Disorder ("PDD NOS") (collectively hereafter, "Disabilities").

16. PDD NOS is a form of Autism that very few people understand and has been Jon's biggest challenge. According to Jon's long time mental health provider (referred to herein as "Dr. R."), PDD NOS is "the most debilitating condition for Jon."

17. Dr. R. describes Jon as:

   (a) *less responsive to social cues such as a smile or certain social gestures;*

   (b) *has a hard time making and keeping friends;*

   (c) *lacks self-awareness;*

   (d) *will see everything as black or white;*

   (e) *struggles with interpreting his own feelings; and*

   (f) *does not understand the value or full concept of empathy and social relationships.*

18. As prescribed by Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* (hereafter, "Section 504"), Defendant UNT has an absolute duty:

   (a) to identify those students with disabilities that might be otherwise excluded from educational opportunities because of their disabilities; and

    (b)    to ensure that such identified students with disabilities are treated in a manner equal to the manner in which UNT treats its students not limited by disabilities, subject only to accommodation for such disabilities.

Such a duty was reinforced within just the last year by the United State Supreme Court in *Fry v. Napoleon Cmty. Schools*, 137 S. Ct. 743 (2017).

19. The Disabilities that Plaintiff Jon carries are well recognized under Section 504.

20. Upon Plaintiff Jon's enrollment to Defendant UNT, the Office of Disability Accommodation within Defendant UNT did acknowledge Jon's Disabilities.

21. With modest accommodations provided by Defendant UNT, Jon masters his studies and few persons around him are even aware of his Disabilities.

22. However, Defendant UNT has recently decided to take direct action against Plaintiff Jon, not only in spite of Jon's Disabilities. but seemingly because of such Disabilities.

### *The Alleged Violation*

23. This past Summer, Defendant UNT accused Plaintiff Jon of violating University policies under the student code of conduct and instituted disciplinary procedures to suspend Jon from UNT.

24. The conduct that Defendant UNT has found to be so offensive involves no words and no touching. In essence, Jon was looking too long at another UNT student who was walking in public areas of UNT ("Alleged Violation").

25. Plaintiff Jon's Alleged Violation is a direct manifestation of Jon's Disabilities. As a result, any disciplinary action by Defendant UNT against Jon for the Alleged Violation is a *per se* violation of Jon's right's under Section 504.

26. Nonetheless, Defendant UNT began an investigation into, and prosecution of, the Alleged Violation that may have already permanently harmed Jon. For the purposes hereof, such investigation and prosecution by Defendant UNT shall be referred to as the "War Against Jon."

27. Defendant UNT's War Against Jon has included months of inappropriate, one-sided, offensive , and demeaning actions by Defendant UNT.

28. Notwithstanding that Defendant UNT has no right to prosecute Plaintiff Jon for the Alleged Violation, Defendant UNT's has, in part:

    (a)    interrogated Jon;

    (b)    harassed Jon;

    (c)    threatened Jon;

    (d)    publicly humiliated Jon;

    (e)    humiliated Jon in front of his peers;

    (f)    intimidated Jon;

    (g)    bullied Jon;

    (h)    terrified Jon;

    (i)    failed to inform UNT investigators that Jon is a Section 504 student;

    (j)    placed Jon before disciplinary tribunals of UNT;

    (k)    refused to allow Jon's legal counsel to assist with Jon's defense;

    (l)    denied Jon his constitutional right to confront witnesses;

    (m)    excluded the participation of Jon's medical providers; and

    (n)    threatened to add an additional year of cost and time to Jon's graduation plans from UNT.

For the purposes hereof, the actions taken by Defendant UNT against Jon as a result of the Alleged Violation, including but not being limited to the foregoing, shall be collectively referred to hereafter as the "Serial Wrongs."

    29.    Defendant UNT's War Against Jon also includes numerous procedural and substantive violations of Jon's due process and equal protection rights as granted by the United States Constitution. However, with the Serial Wrongs and the War Against Jon being such serious and substantive violations of Section 504, it is not necessary to even delineate the almost endless Constitutional violations committed by Defendant UNT.

    30.    The sanction and punishment being pursued by Defendant UNT against Plaintiff Jon is a one-year suspension from UNT (hereafter, the "Proposed Sanction").

    31.    For Plaintiff Jon, the Proposed Sanction will have a far-reaching impact on Jon's graduation timeline, extending into 2019 rather than graduation in May 2018.

32. A one-year suspension would also be devastating to Plaintiff Jon's mental well-being, as Jon has made great progresses developing peer relationships with his cohort.

33. Plaintiff Jon has spent much of his life feeling like an outsider and has worked hard at learning to navigate social situations. A one year suspension cuts Jon off from his existing cohort at UNT and potentially places him in a different cohort where he will have to learn to navigate new relationships all over again. For someone with Jon's Disabilities, such a transition would not only be extremely difficult, but could prove to be impossible.

34. The Serial Wrongs and the War Against Jon committed by Defendant UNT have already caused Plaintiff Jon serious and continuing physical, mental, and economic harm.

35. If Defendant UNT continues with its efforts to impose the Proposed Sanction, Jon will be irreparably harmed.

36. All conditions precedent to Plaintiff bringing these claims have been met.

## V. **PLAINTIFF'S CAUSE OF ACTION**

37. Plaintiff incorporates by reference the facts set forth in Article D: GENERAL BACKGROUND hereof.

### 1. INJUNCTIVE RELIEF

38. The actions and inactions of Defendant UNT (including the Serial Wrongs the War Against Jon) are causing, and will continue to cause, suffering and irreparable harm to Plaintiff Jon.

39. Therefore, Plaintiff Jon requests that a temporary and permanent injunction be issued which refrain Defendant UNT:

    (a) from further prosecution of the Alleged Violation;

    (b) from further commission of the Serial Wrongs;

    (c) from imposing the Proposed Sanction;

    (d) from denying Jon his right to legal counsel;

    (e) from denying Jon's his rights under Section 504; and

    (f) from waging its War Against Jon.

### 2. MONETARY DAMAGES

40. Plaintiff Jon has been economically harmed by the Defendant UNT's Serial Wrongs and its War Against Jon. Therefore, Plaintiff Jon also seeks monetary damages of $100,000.00.

41. If Defendant continues with its Proposed Sanction and Jon is denied enrollment for the Spring 2018 semester, such damages will be beyond $ 1,000,000.00.

### VI. CONCLUSION

42. Plaintiff JON UNT-RS DOE now asks that upon final trial hereof, that a temporary and permanent injunction be entered as requested, that judgment be entered in

favor of Plaintiff, that all costs of Court be taxed against Defendant UNT, that Plaintiff recover all direct, consequential, and exemplary damages (upwards of $1 Million dollars) as allowed by law, that Plaintiff recover his attorneys' fees, and that Plaintiff have such further and other relief, general and special, both at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

                Law Offices of Donald G. Henslee

By: _____
     Terry P. Gorman, Esq.
     Texas Bar No. 08218200
     tgorman@school-law.co
     901 Mopac Expressway South, Suite 300
     Austin, Texas 78746
     Telephone: (972) 235-4700 (tpg Direct)
     Telecopier: (512) 597-1455
     **COUNSEL FOR PLAINTIFF**
     **JON UNT-RS DOE**